IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE RANDOLPH, | : | Civil No. 1:20-CV-01735 |
| Plaintiff, | : | |
| v. | : | |
| ALLIED CRAWFORD STEEL, INC., *et. al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

Before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10.) This action was brought by Plaintiff, Michelle Randolph ("Randolph"), to recover damages for the alleged wrongful termination of her employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act. (Doc. 9, pp. 5–10.)[1] Defendants Allied Crawford Steel ("Allied"), Gary Stern ("Stern"), and Brady Fantasie ("Fantasie") have filed a partial motion to dismiss which seeks to dismiss Randolph's Section 1981 claim as to Stern and Fantasie for failure to state a claim upon which relief may be granted. (Doc. 10, ¶ 1.) The court finds that Randolph has alleged sufficient personal involvement by Stern to state a claim for discrimination under Section 1981 but has not done the same for her claims against

---

[1] For ease of reference, the court utilizes the page number from the CM/ECF header.

1

Fantasie. The court additionally finds that the complaint fails to state a retaliation claim upon which relief may be granted as to either individual defendant. Accordingly, the motion will be granted to the extent that it seeks dismissal of the claims against Fantasie and to the extent that it seeks dismissal of the retaliation claim against Stern but denied in all other respects.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2020, Randolph filed the instant suit raising claims for alleged violations of Title VII, Section 1981, and the PHRA.[2] (Doc. 1.) On November 4, 2021, Randolph filed an amended complaint. (Doc. 9.) The amended complaint names Allied, Stern, and Fantasie as Defendants. The amended complaint alleges that Stern was the Chief Executive Officer of Allied at all relevant times, but does not allege what position Fantasie held in the company or whether he was responsible for any disciplinary or firing decisions.

According to the allegations in the amended complaint, Allied hired Randolph as an administrative assistant on or about August 3, 2015. (*Id.* ¶ 13.) Allied promoted Randolph to Financial Controller on February 8, 2016, where she was the only African American woman in a management position in Allied's Middletown location. (*Id.* ¶¶ 15–16.)

---

[2] Before filing suit, Randolph filed charges with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. (Doc. 9, ¶ 9–10.)

Because she was in a management role, Randolph frequently heard complaints from other African American employees. (*Id.* ¶ 17.) In 2017, James Williams ("Williams") approached Randolph with one such complaint, specifically that he felt Allied assigned him menial tasks due to his race. (*Id.* ¶ 18.) Williams provided Randolph with a written copy of his complaint and Randolph delivered the complaint to Defendant Stern. (*Id.* ¶¶ 19–20.) Stern said he would speak with Williams directly. (*Id.*) Williams's employment was terminated not long after Randolph discussed the complaint with Stern. (*Id.* ¶ 21.)

In August 2018, another employee, Donte Jones ("Jones"), approached Randolph with a complaint, asserting that Allied was not considering him for a promotion due to his race and that Allied was instead planning to promote a white coworker with less experience and seniority. (*Id.* ¶ 22.) Randolph discussed Jones's complaint with Defendants Stern and Fantasie around August 2018, and expressed her belief that Allied should promote Jones. (*Id.* ¶ 23.)

Allied terminated Randolph's employment shortly after she had spoken with Stern and Fantasie about Jones's complaint, allegedly without explanation. (*Id.* ¶ 24.) Allied then terminated Jones's employment shortly thereafter. (*Id.* ¶ 25.) Randolph alleges that Allied has since given inconsistent explanations for her termination to the Pennsylvania Office of Unemployment Compensation Benefits and the Equal Employment Opportunity Commission. (*Id.* ¶ 27.)

The amended complaint raises claims for discrimination and retaliation under Title VII, Section 1981, and the PHRA.  The Section 1981 claim is the only claim asserted against Stern and Fantasie.  (*Id.* at 5–10.)  Randolph asserts that but for her race, or alternatively her complaints about racial discrimination, Allied would not have terminated her employment.  (*Id.* ¶¶ 47–48.)

On November 25, 2020, Defendants moved to dismiss Randolph's Section 1981 claim with respect to Stern and Fantasie for failure to state a claim.  (Doc. 10, ¶ 1.)  On December 4, 2020, Randolph filed a brief in opposition.  (Doc. 14.)  Defendants timely filed a reply brief on December 18, 2020.  (Doc. 15.)  Thus, the motion is ripe for review.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States, and 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims that are so closely related to federal claims as to be part of the same case or controversy.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678−79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

Defendants move to dismiss Randolph's claim for a Section 1981 violation as to Defendants Stern and Fantasie because they argue that Randolph has not sufficiently pleaded facts to hold them personally liable.  (Doc. 11, p. 6.)  Section 1981 states that "all persons . . . shall have the right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C.§ 1981(a).  To state a claim under Section 1981, a plaintiff must allege that (1) the plaintiff is a member of a racial minority group; (2) the defendant had an intent to discriminate against the plaintiff on the basis of race; and (3) the defendant engaged in discrimination

5

on the basis of race concerning one or more of the activities enumerated in the statute. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Individuals can face personal liability under Section 1981 if they cause an intentional infringement of an individual's Section 1981 rights or "if they authorized, directed, or participated in the alleged discriminatory conduct." *Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986) *aff'd*, 481 U.S. 604 (1987). At its core, a Section 1981 claim requires purposeful discrimination. *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 158 U.S. 375, 391 (1982).

Defendants argue that the allegations against Stern and Fantasie are conclusory and do not demonstrate personal involvement. Instead, Defendants argue, the allegations only support that Stern and Fantasie "were peripherally involved in non-discriminatory acts" and, as such, the pleadings are legally insufficient. (*Id.*) In opposition, Randolph argues that she has adequately pleaded facts to demonstrate that Stern and Fantasie were involved in discriminatory and retaliatory conduct. (Doc. 14, pp. 12–13.) Randolph argues that her act of conveying Williams's and Jones's complaints of racial discrimination to Stern and Fantasie is sufficient to establish that Stern and Fantasie are personally liable under Section 1981. (*Id.* at 13.) Randolph further argues that Fantasie's presence at Randolph's employment termination meeting establishes his personal involvement. (*Id.*) With regard to Stern, Randolph argues that he was personally involved in the

6

decision to terminate Randolph's employment despite his absence from the meeting. (*Id.* p. 14.)

### A. Plaintiff has alleged personal acts of racial discrimination by Stern but not Fantasie.

Defendants argue that Randolph has failed to plead facts demonstrating personal racial discrimination by either Stern or Fantasie. (Doc. 11, p. 8.) In her complaint, Randolph states that Allied "would not have terminated Randolph" but for her race, that she suffered disparate treatment, and that the defendants subjected her to intentional discrimination. (Doc. 9, ¶¶ 47–50.)

Randolph has not pleaded specific facts demonstrating personal involvement in the alleged discrimination by Fantasie. With regard to Fantasie's involvement, Randolph states that Fantasie was at the meeting to terminate her employment but does not allege how Fantasie was involved in the decision to terminate Randolph's employment or how he was involved in the meeting. (Doc. 9, ¶ 52.) Absent such allegations, the amended complaint fails to state a claim against Fantasie upon which relief may be granted.

As for Stern, Randolph provides two alternative grounds to hold Stern liable, stating that "Stern personally directed Allied to [terminate] Randolph's employment or alternatively, was grossly negligent in [failing to] prevent Randolph from being terminated." (*Id.* ¶ 53.) While these factual allegations may be minimal, they are sufficient to allege personal involvement given the procedural

posture of the case. It is factually plausible given Stern's position as CEO that he could have personally directed Allied to terminate Randolph's employment. Thus, while Randolph has not alleged sufficient facts to state a claim against Fantasie, she has stated a claim upon which relief may be granted against Stern.

**B. Plaintiff has failed to plead retaliation by Stern or Fantasie.**

Randolph also alleges that Defendants Stern and Fantasie were involved in the decision to terminate Randolph's employment in retaliation for conveying the complaints of discrimination from Jones and Williams. Randolph alleges that "but for Randolph's complaints about racial discrimination, Defendants would not have terminated Randolph." (*Id.* ¶ 48.)

Liability under Section 1981 can be based on acts of retaliation. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 452 (2008). The elements of a retaliation claim under Section 1981 are identical to the elements of a Title VII retaliation claim. *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017). To establish retaliation in violation of Section 1981, a plaintiff must show "(1) she engaged in [protected] activity . . . ; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995).

Here, Defendants argue that Randolph has not stated a retaliation claim against Stern and Fantasie because she has not alleged a causal connection between the allegedly retaliatory conduct and the adverse employment action. (Doc. 11, pp. 11–12.) The Third Circuit has held that temporal proximity as well as inconsistent explanations for an adverse employment action can establish a causal connection. *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 753–55 (3d Cir. 1997). A "pattern of antagonism" can establish causation where there is no temporal proximity. *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997). The circumstances as a whole may also be sufficient to infer causation. *Id.*

Defendants argue that Randolph has not established a causal connection because the complaints Randolph conveyed to Defendants Stern and Fantasie were not close enough in time to Randolph's employment termination to establish a causal connection. (Doc. 11, pp. 11–12.) In response, Randolph argues that timing is not the only way to demonstrate causation and that the inconsistent explanations for Randolph's employment termination are sufficient to infer causation. (Doc. 14, pp. 16–17.)

Randolph has failed to allege that Defendants Stern and Fantasie have personally acted in a retaliatory manner. While Randolph has sufficiently alleged that Stern was personally involved in the decision to terminate her employment, she has not alleged that either Stern or Fantasie were the individuals providing

9

inconsistent statements regarding her employment termination. Randolph has also failed to assert any pattern of antagonism by Stern or Fantasie. Randolph therefore fails to state a Section 1981 retaliation claim upon which relief may be granted against Stern or Fantasie.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Section 1981 claim as to Defendants Stern and Fantasie will be granted in part without prejudice to Plaintiff filing an amended complaint. Specifically, the motion is granted to the extent that it seeks dismissal of the claims against Fantasie and to the extent that it seeks dismissal of the retaliation claim against Stern. The motion is denied to the extent that it seeks dismissal of the discrimination claim against Stern. As the Section 1981 claim is the only claim against Fantasie, Fantasie will be dismissed as a party subject to Plaintiff filing an amended complaint. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 28, 2021